# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John Z. Lee | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 2529 | **DATE** | 5/2/13 |
| **CASE TITLE** | Davi Robinson (#2013-0103149) v. Provident Hospital | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court assesses an initial partial filing fee of $10.00. The court directs the trust fund officer at plaintiff's place of confinement to deduct the initial fee and to continue making deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Cook County Jail. Plaintiff's complaint is dismissed for failing to state a claim for relief. The dismissal is without prejudice to plaintiff seeking relief in the appropriate state court. The case in this court, however, is closed. The dismissal of this case counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

    Plaintiff, Davi Robinson, currently confined at the Cook County Jail. has filed this civil rights suit naming Provident Hospital as Defendant. Plaintiff alleges that in March or April of 2011, while he was not incarcerated, he visited a doctor at Provident to be examined for a possible sexually transmitted disease. Though he informed the doctor that he was not gay, the doctor repeatedly asked whether Plaintiff engaged in homosexual sex while performing a prostate exam (Plaintiff does not refer to the procedure as a prostate exam, but his description of it – the doctor "put lubricant on the gloved hand and proceeded to stick his finger completely inside my behind as far as it would go" (Compl. at 4) – describes such an exam). Plaintiff feels the examination was improper and seeks to identify the doctor, face him in court, and be awarded $1,000,000. (Compl. at 6.)

    Plaintiff's *in forma pauperis* application indicates that he cannot prepay the $350 filing fee. The court grants his motion to proceed *in forma pauperis* and, pursuant to 28 U.S.C. § 1915(b)(1), assesses an initial partial filing fee of $10.00. The court authorizes the supervisor of inmate trust accounts at plaintiff's place of confinement to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of this court. After payment of the initial partial filing fee, the trust fund officer at plaintiff's place of confinement is authorized to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for payment of the filing fee, and officers at his current place of confinement shall notify correctional authorities of any outstanding balance owed in the event that plaintiff is transferred to another facility.

    Although plaintiff may proceed *in forma pauperis* and must pay the filing fee for having brought this suit, his complaint does not present a federal claim upon which this court can grant relief. *See* 28 U.S.C. § 1915A (this court must conduct a preliminary review of a complaint filed by an inmate and dismiss it, or any claims therein, if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages against a party immune from such relief).

## STATEMENT

To state a claim pursuant to 42 U.S.C. § 1983, Plaintiff must allege: (1) that a person acting under the color of state law, i.e., a state actor (2) deprived him of a constitutional or federal right. *Estate of Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007); *see also Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 822 (7th Cir. 2009). Plaintiff has not alleged a violation of constitutional or federal law. Plaintiff sought medical attention as a private citizen, not as a person confined in a jail or prison. While a state or municipality may have a constitutional duty to provide adequate medical care for persons being held in custody, such a duty does not exist to private citizens. *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 200 (1989) (explaining that a person in custody must depend upon the state or county for basic needs such as food, clothing, shelter, and medical care). Municipalities may provide free medical services to its citizens; however, "[they have] no constitutional duty to provide competent services to people not in [their] custody." *Hill v. Shobe*, 93 F.3d 418, 422 (7th Cir. 1996), quoting *Salazar v. City of Chicago*, 940 F.2d at 233, 237 (7th Cir. 1991); *see also DeShaney*, 489 U.S. at 197 ("a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause"). Given that Plaintiff was not in custody at the time of the medical examination, he cannot establish a constitutional violation with respect to the examination. Plaintiff may have a state-law claim for malpractice or even an intentional tort; however, he states no constitutional or federal claim to support a § 1983 action.

The complaint further does not indicate that diversity jurisdiction exists for this court to address any state-law claims. Under § 1332(a), federal jurisdiction exists to hear state claims where the plaintiff is diverse (resides in a different state) from each defendant and the amount in controversy exceeds $75,000. The complaint indicates that Plaintiff and Provident Hospital are residents of Illinois. Even if by chance Plaintiff and the Provident doctor he ultimately seeks to sue reside in different states, diversity jurisdiction does not exist at this time to allow this case to remain here.

Accordingly, the complaint presents no federal claim to support a civil rights action nor does diversity jurisdiction exist to allow this court to consider Plaintiff's claims. There being no basis for federal jurisdiction for this case, the complaint is dismissed. The dismissal is without prejudice to Plaintiff seeking relief in the appropriate state court. The case in this court, however, is closed. The dismissal of this case counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). If Plaintiff accumulates three dismissals under § 1915(g), he will not be able to proceed in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he should file a notice of appeal with this court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4). If he seeks to proceed *in forma pauperis* on appeal, he must also submit an application and set forth the issues he plans to raise on appeal. *See* Rule 24(a)(1)(C). If Plaintiff appeals, he will be responsible for the $455 appellate filing fee irrespective of the appeal's outcome. *Evans v. Ill. Dep't of Corrs.*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, such a ruling may be counted as additional dismissal under 28 U.S.C. § 1915(g).